IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:12-cr-00373-HZ-1 |
| Plaintiff, | OPINION & ORDER |
| v. | |
| SAMUEL NAVARRETTE-AGUILAR, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Samuel Navarrette-Aguilar moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion.

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 –ORDER

Because Defendant has not demonstrated extraordinary and compelling reasons for his release, the Court denies Defendant's Motion to Reduce Sentence.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on their behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's

2 –ORDER

policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant argues that his serious medical condition, the COVID-19 pandemic, and his family circumstances provide extraordinary and compelling reasons to reduce his sentence.

I.   Defendant's Medical Condition and the COVID-19 Pandemic

Defendant contends that his serious health condition and lack of adequate treatment support a finding of extraordinary and compelling reasons for compassionate release. Defendant has a small anal fissure that has caused him "severe rectal pain after bowel movements." Def's Ex. 4 at 19; Navarrette-Aguilar Decl. ¶ 3, ECF 223. The doctor that conducted his colonoscopy recommended nifedipine ointment. Def's Ex. 4 at 19. Defendant was not able to receive this medication, but was prescribed an alternate ointment. *Id* at 22. Defendant alleges that this alternate ointment causes significant negative side effects which have limited his physical activity. Navarrette-Aguilar Decl. ¶ 4. There is no evidence, and Defendant does not argue, that his condition puts him at greater risk of severe illness from COVID-19.

The Sentencing Commission Commission's policy statement defines extraordinary and compelling medical conditions as serious physical or medical conditions that "diminish[] the ability of the defendant to provide self-care." USSG 1B1.13(1)(A)(ii). This statement addresses "medical conditions that, by their nature, cannot be treated effectively in prisons." *United States v. Miller*, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021).

3 –ORDER

Defendant has not submitted evidence that his condition cannot be treated effectively in prison due to the pandemic or otherwise. Defendant argues that courts have found extraordinary and compelling circumstances even though an inmate's condition was treatable. The circumstances of those cases are distinguishable. In *Perez*, the Defendant had "undisputed fragile health" and "a well-documented history of medical complications" due to "two vicious beatings" he suffered while in prison. *United States v. Perez*, 451 F. Supp. 3d 288, 290 (S.D.N.Y. 2020). The Defendant had only three-weeks left on his sentence. *Id.* at 293. In *Almontes*, the Defendant had a long and documented history of not receiving a necessary spinal decompression surgery, his condition was "deteriorating," and a physician had found that he needed "'urgent' surgical treatment." *United States v. Almontes*, No. 3:05-CR-58 (SRU), 2020 WL 1812713, at *7 (D. Conn. Apr. 9, 2020).

Defendant does not have a documented history of serious, complicated medical issues or a documented history of being denied an urgent treatment. Defendant states that "[t]here is no indication that any further treatment options are being considered." Def. Mot. 10.  But he has not submitted evidence that he reported the alleged side effects of the alternate ointment to BOP and was denied an alternative.

On this record, the Court declines to exercise its discretion to consider inadequate medical care as a factor warranting compassionate release. Defendant's allegation that he is not receiving adequate medical care for his anal fissure does not constitute an extraordinary and compelling reason to reduce his sentence.

Defendant also argues that the conditions of incarceration during the COVID-19 pandemic favor compassionate release. General concerns regarding the risks posed by COVID-19 to all prisoners do not warrant compassionate release. *See United States v. Carson*, 2020 WL

4 –ORDER

3896297, at *5 (W.D. Wash. July 10, 2020) (finding the same). Additionally, Defendant's individual circumstances do not justify compassionate release— he is vaccinated, does not have a health condition known to increase the risk of severe illness from COVID-19, and is housed in a facility with a low infection rate.[2]

II.     Family Circumstances

Defendant contends that caring for his ailing mother qualifies as an extraordinary and compelling reason justifying compassionate release. In June 2021, Defendant's mother fell ill and now needs help with all her activities of daily living. Def. Ex. 1, 2. She currently lives with another family member who cannot afford to take time off work or hire a caregiver. Def. Ex. 2. She wishes to return to Mexico and Defendant is "the only hope she has of returning to her hometown in her old age." Def. Ex. 1. Defendant is one of eleven children. *Id.*

The Court acknowledges the difficulties faced by adult children caring for aging parents. However, as the Government points out, Defendant has other family members who can provide care for his mother. Defendant committed a serious offense that carried a significant sentence. As a result, Defendant lost the opportunity to participate in family life as he desires. Defendant's desire to assist with his mother's care does not justify compassionate release.

III.    Sentencing Factors under 18 U.S.C. § 3553(a).

In addition, a reduction in Defendant's sentence is not warranted after considering the sentencing factors under 18 U.S.C. § 3553(a). Defendant has approximately 57 months left on his sentence. He was sentenced to a 168-month period of imprisonment for conspiracy to distribute, distribution of, and possession of heroin. This was a serious offense, but particularly

---

[2] As of July 27, 2021, FCI Sheridan had three inmate and zero staff confirmed active cases of COVID-19. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated July 27, 2021); *See* Gov't Ex. 1 at 35–36.

5 –ORDER

so considering his history. Defendant has two prior convictions for drug crimes and escaped from the Washington State Penitentiary while serving the sentence for his second offense. The 168-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [222] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: July 28, 2021.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

6 –ORDER